IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES SPURLOCK,

    Plaintiff,

v.                                                                               Case No. 18-3275-JAR

CORIZON HEALTH, et al.,

    Defendants.

## **ORDER**

Plaintiff brings this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the Hutchinson Correctional Facility. He has filed this action alleging inadequate medical care and accommodations related to his epilepsy and hepatitis-C. This matter is before the court on plaintiff's third motion to appoint counsel (ECF No. 39).[1]

In civil actions such as this one, there is no constitutional right to appointed counsel.[2] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[3] In deciding whether to appoint counsel, the court must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the

---

[1] Plaintiff has filed two similar motions in this action in the past three months, both of which were denied without prejudice (see ECF Nos. 6 and 9).

[2] *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

prisoner's ability to investigate the facts and present his claims."[4] "The burden is on the [prisoner] to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[5] It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[6]

Plaintiff requests counsel to help him understand the filings and requirements of the upcoming scheduling conference. He asserts that he has limited formal education and knowledge of the law, and further, that he has limited access to the law library due to his placement in administrative segregation. Plaintiff requests the assistance of counsel to present evidence and cross-examine witnesses should the case go to trial.

The court has considered the instant motion and concludes that this is not a case in which appointment of counsel is justified at this juncture. Plaintiff offers substantively the same reasons for asking for counsel as in his first two motions (see ECF No. 3 and 8). Based on the court's analysis of whether to appoint counsel, the outcome remains the same. First, it is still not clear that plaintiff's claims have merit. Second, the factual and legal issues in the case are not complex. The court has no doubt that Judge Robinson, the U.S. district judge assigned to this case, will have little trouble discerning the applicable law. Third, plaintiff has continued to demonstrate the ability to investigate his claims. Finally,

---

[4] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

[5] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill,* 393 F.3d at 1115).

[6] *Steffey*, 461 F.3d at 1223 (modifications in original) (quoting *Rucks*, 57 F.3d at 979).

2

O:\ORDERS\18-3275-JAR-39.docx

plaintiff's pleadings continue to be cogent, and plaintiff appears capable of adequately presenting facts and arguments. The court therefore denies plaintiff's request for counsel. However, if the case survives the motion to dismiss stage, plaintiff is given leave to file another motion for appointment of counsel if it becomes apparent that appointed counsel is necessary at that time.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order by the presiding U.S. district judge. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS THEREFORE ORDERED that plaintiff's motion to appoint counsel is denied without prejudice.

A copy of this order shall be mailed to plaintiff via regular mail.

Dated March 19, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

3
O:\ORDERS\18-3275-JAR-39.docx