**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JAMES ALLEN SPURLOCK,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 18-3275-JAR-JPO** |
| **CORIZON HEALTH, ET AL.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff James Allen Spurlock, proceeding *pro se*, filed this action to recover for alleged violations of his Constitutional rights. This matter comes before the Court on Plaintiff's motion titled "Declaration for Entry of Default" (Doc. 40). Entry of default is a prerequisite to the entry of a default judgment.[1] Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court denies Plaintiff's motion as explained below.

Plaintiff filed his Complaint on November 7, 2018.[2] A Waiver of the Service of Summons was issued to each defendant on January 9, 2019, and each defendant returned an executed copy of the waiver.[3] Pursuant to Fed. R. Civ. P. 4(d)(3), "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent[.]" As waivers of service were sent to each defendant on January 9, 2019, each defendant had until March 11, 2019 to answer or otherwise defend.

---

[1] Fed. R. Civ. P. 55(b)(2); *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007).

[2] Doc. 1.

[3] Docs. 18–25.

On March 11, 2019, Defendant Dennis Kepka, M.D. filed his Answer, which was mailed to Plaintiff at the Hutchinson Correctional Facility.[4]  On March 11, 2019, Defendant Gordon Harrod filed his Motion to Dismiss, which was mailed to Plaintiff at the Hutchinson Correctional Facility.[5]  On March 8, 2019, the Court entered a Clerk's Order Extending Time until March 25, 2019 for Defendants (fnu) Pruitt, Marty Sauers, and Tim Taylor to answer or otherwise plead.[6]  On March 11, 2019, the Court entered a Clerk's Order Extending Time until March 25, 2019 for Defendants Corizon Health, Vicky Lanter, Julie Patterson, Tony Rusch and Mable Walker to answer or otherwise plead.[7]

Plaintiff filed his motion on March 15, 2019, asserting that "more than 20 days have elapsed since the date on which the Defendants herein were served with summons and a copy of Plaintiff's complaint, excluding the date thereof," and that "[t]he Defendants have failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of any answer or any defense [upon Plaintiff]."[8]  This is contrary to the proceedings in the case.

Defendant Kepka timely answered Plaintiff's Complaint.  Defendant Harrod timely moved to dismiss Plaintiff's complaint, which constitutes "otherwise defend[ing] under Rule 55(a).[9]  Both also completed certificates of service stating that they mailed their pleadings to Plaintiff at the Hutchinson Correctional Facility.[10]  As to the remaining defendants, the Court

---

[4] Doc. 37.

[5] Doc. 35.

[6] Doc. 34.

[7] Doc. 38.

[8] Doc. 40 at 1.

[9] *See Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) (finding no reversible error in district court declining to enter default when motion to dismiss preceded motion for entry of default); *Akers v. Sandoval*, No. 95-1306, 1996 WL 635309, at *3 (10th Cir. Nov. 4, 1996) ("A motion to dismiss constitutes defending an action within the meaning of Fed. R. Civ. P. 55(a).").

[10] Doc. 35 at 2; Doc. 37 at 7.

extended time for them to answer or otherwise plead until March 25, 2019, and mailed Plaintiff this notice.  Accordingly, an entry of default is inappropriate at this stage of the proceedings, and the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's "Declaration for Entry of Default" (Doc. 40) is **denied**.

A copy of this order shall be mailed to Plaintiff via regular mail.

**IT IS SO ORDERED.**

Dated: March 20, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE